UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SAFECO INSURANCE COMPANY OF AMERICA,

      Plaintiff,

  v.

SEARS, ROEBUCK & CO. and DOES 1 through 25, inclusive,

      Defendants.
_____/

NO. CIV. 2:10-01230 WBS JFM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for November 1, 2010, and makes the following findings and orders without needing to consult with the parties any further.

I.   <u>SERVICE OF PROCESS</u>

The named defendant has been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II. JOINDER OF PARTIES/AMENDMENTS

Plaintiff states that it is considering joinder of Whirpool Corporation, the manufacturer of the dishwasher. No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Rule 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction over this fire subrogation claim is predicated upon 28 U.S.C. §§ 1332 (diversity) and 1441 (removal). Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties state that they have conferred and agreed to specific exchanges of documents and related information, to a joint destructive testing involving all experts, and to an initial deposition of one of defendant's employees. If any Federal Rule of Civil Procedure 26(a)(1) initial disclosures have not been served, the parties shall serve any remaining initial disclosures no later than December 15, 2010.

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than May 2, 2011. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Rule 26(a)(2) on or before June 3, 2011.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by November 18, 2011. The word

1  "completed" means that all discovery shall have been conducted so
2  that all depositions have been taken and any disputes relevant to
3  discovery shall have been resolved by appropriate order if
4  necessary and, where discovery has been ordered, the order has
5  been obeyed.  All motions to compel discovery must be noticed on
6  the Magistrate Judge's calendar in accordance with the local
7  rules of this court and so that such motions may be heard (and
8  any resulting orders obeyed) no later than November 18, 2011.
9        V.   MOTION HEARING SCHEDULE
10            All motions, except motions for continuances, temporary
11 restraining orders, or other emergency applications, shall be
12 filed on or before January 20, 2012.  All motions shall be
13 noticed for the next available hearing date.  Counsel are
14 cautioned to refer to the local rules regarding the requirements
15 for noticing and opposing such motions on the court's regularly
16 scheduled law and motion calendar.
17       VI.  FINAL PRETRIAL CONFERENCE
18            The Final Pretrial Conference is set for April 2, 2012,
19 at 2:00 p.m. in Courtroom No. 5.  The conference shall be
20 attended by at least one of the attorneys who will conduct the
21 trial for each of the parties and by any unrepresented parties.
22            Counsel for all parties are to be fully prepared for
23 trial at the time of the Pretrial Conference, with no matters
24 remaining to be accomplished except production of witnesses for
25 oral testimony.  Counsel shall file separate pretrial statements,
26 and are referred to Local Rules 281 and 282 relating to the
27 contents of and time for filing those statements.  In addition to
28 those subjects listed in Local Rule 281(b), the parties are to

1  provide the court with: (1) a plain, concise statement that
2  identifies every non-discovery motion that has been made to the
3  court, and its resolution; (2) a list of the remaining claims as
4  against each defendant; and (3) the estimated number of trial
5  days.
6          In providing the plain, concise statements of
7  undisputed facts and disputed factual issues contemplated by
8  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
9  that remain at issue and any remaining affirmatively pled
10 defenses thereto.  If the case is to be tried to a jury, the
11 parties shall also prepare a succinct statement of the case,
12 which is appropriate for the court to read to the jury.
13         VII.   TRIAL SETTING
14         The bench trial is set for June 5, 2012, at 9:00 a.m.
15 The parties estimate that trial will last approximately eight
16 court days.
17         VIII.  SETTLEMENT CONFERENCE
18         A Settlement Conference will be set at the time of the
19 Pretrial Conference.  All parties should be prepared to advise
20 the court whether they will stipulate to the trial judge acting
21 as settlement judge and waive disqualification by virtue thereof.
22         Counsel are instructed to have a principal with full
23 settlement authority present at the Settlement Conference or to
24 be fully authorized to settle the matter on any terms.  At least
25 seven calendar days before the Settlement Conference, counsel for
26 each party shall submit a confidential Settlement Conference
27 Statement for review by the settlement judge.  If the settlement
28 judge is not the trial judge, the Settlement Conference

Statements shall not be filed and will not otherwise be disclosed to the trial judge.

        IX.    MODIFICATIONS TO SCHEDULING ORDER

        Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: October 28, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE