UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | NO. CIV. 2:10-1230 WBS JFM |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION FOR INTERVENTION |
| v. | |
| SEARS, ROEBUCK & CO. and DOES 1 through 25, Inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Safeco Insurance Company of America ("Safeco") brought this action for damages against defendant Sears, Roebuck & Co. ("Sears"). The action arises out of a fire in the home of David L. Blevins and Anne M. Blevins allegedly caused by a defective dishwasher purchased from Sears. (Compl. ¶ 14 (Docket No. 2).) Safeco allegedly insured the Blevins' home at the time. (Id. ¶ 6.) Following the fire, Safeco made payments pursuant to the insurance policy. (Id. ¶ 17.) The Complaint seeks reimbursement from Sears for the payments made by

1

Safeco.  Presently before the court is the Blevins' motion for intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b)(1)(B).  The applicants seek to intervene to assert claims against Sears for additional damages not covered by the insurance policy.  (Mem. of P. & A. in Supp. of Mot. for Intervention at 1:24-27 (Docket No. 13-1).) Safeco and Sears have both filed statements of non-opposition to the motion.  (Docket Nos. 15, 16.)

Federal Rule of Civil Procedure 24(a)(2) provides that a court **must** permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Ninth Circuit has set forth four requirements that must be met for an applicant to intervene as of right:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

<u>Arakaki v. Cayetano</u>, 324 F.3d 1078, 1083 (9th Cir. 2003).

Although the applicants' claims are intricately related to the instant action, they have not satisfied the standard to intervene as of right.  Specifically, the requirement of a significantly protectable interest is generally satisfied when

2

the interest is protectable under some law and there is a relationship between the legally protected interest and the claims at issue. <u>Arakaki</u>, 324 F.3d at 1084. An applicant generally satisfies the "relationship" requirement only if the resolution of the plaintiff's claims will actually affect the applicant. <u>Id.</u> The applicants have not shown that resolution of this case would affect their interests. It would be convenient to bring all the claims together, and Sears would likely be disadvantaged by having to litigate this action separately from an action brought by the applicants. However, the applicants themselves would not suffer any negative consequences, and thus they cannot intervene as of right.

Permissive intervention is governed by Rule 24(b), which states that a court <u>may</u> permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998).

The applicants have satisfied all the requirements for permissive intervention. First, the applicants' claims and Safeco's claims arise out of the same fire allegedly caused by a product purchased from Sears.

Second, the applicants' motion is timely under the circumstances. In assessing timeliness, courts must consider the

3

1  current stage of the proceedings, whether the existing parties
2  would be prejudiced, and the reason for any delay in moving to
3  intervene.  <u>League of United Latin Am. Citizens v. Wilson</u>, 131
4  F.3d 1297, 1308 (9th Cir. 1997).
5          Safeco filed suit in state court on April 5, 2010, and
6  Sears removed the case to federal court on May 19, 2010.  (Docket
7  Nos. 1, 2.)  The applicants' counsel was informed of the case on
8  January 28, 2011, and filed the instant motion on March 10, 2011.
9  (Phillips Decl. ¶ 3 (Docket No. 14); Notice of Mot. (Docket No.
10 12).)  The case is still in the early stages.  The court issued a
11 Status (Pretrial Scheduling) Order on October 28, 2010 (Docket
12 No. 9), setting trial for June 5, 2012.  The other parties have
13 not opposed this motion, and the court does not find that they
14 would be prejudiced by an intervention at this time.  The
15 applicants delayed in moving to intervene only because they did
16 not know that the case had been filed until recently.
17 Accordingly, the motion is timely.
18          Finally, there is an independent basis for jurisdiction
19 over the applicants' claims based on diversity of citizenship.
20 Because they have met the requirements for permissive
21 intervention, the court will permit the applicants to intervene.
22          IT IS THEREFORE ORDERED that the applicants' motion for
23 intervention be, and the same hereby is, GRANTED.
24 DATED:  April 8, 2011

                                    _____
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE